## WILL JENKINS v. THE STATE.

### No. 2393. Decided April 2, 1913.

**Minor—Intoxicating Liquors—Gift—Loan—Sale.**

Where, upon trial of giving and causing to be given intoxicating liquors to a minor, etc., the evidence showed that there was no gift, but a loan, which under the law would have been a sale in local option territory, the conviction could not be sustained; especially, where the court charged the jury that a loan would come within the meaning of the statute.

Appeal from the County Court of Sabine. Tried below before the Hon. T. R. Smith.

Appeal from a conviction of unlawfully giving to a minor intoxicating liquors; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with and convicted of giving and causing to be given to Oliver Chambers, a person under the age of twenty-one years, intoxicating liquors without the written consent of the parent or guardian or someone standing in place of said parent or guardian.

Oliver Chambers was the only witness introduced, and his evidence in full is as follows: "My name is Oliver Chambers. I know the defendant, Will Jenkins (points him out to the court and jury). I live in Sabine County, Texas. The defendant, Will Jenkins, never gave me any intoxicating liquor in his life. I borrowed a quart from him and paid it back a month or two afterwards; this occurred in Sabine County,

Texas, on or about the time alleged in the indictment. I am seventeen years old."

"Agreed that the local option law is in full force and effect in Sabine County, Texas.

"Agreed to, A. M. Huffman, County Attorney; J. H. McGown, Attorney for the defendant. Approved, T. R. Smith, County Judge."

There is a bill of exceptions which recites the following questions were asked by the State: "What is your name and where do you live?" "I live in Sabine County, Texas." "Do you know Will Jenkins?" "I do" (points him out to the court and jury). "Did the defendant, Will Jenkins, give you any intoxicating liquor on or about the 29th day of May, 1912?" "No, he never gave me any liquor in his life." "Did you ever get any intoxicating liquor from him?" To which questions the defendant then and there objected, first, because the indictment alleged a gift of intoxicating liquor, which objection was overruled by the court, and exception saved, and objected to the witness being questioned further and moved the court to return a verdict of not guilty, which was by the court overruled, and the defendant excepted.

Witness then testified that he borrowed a quart from the defendant and paid it back, to which question and answer the defendant objected, and was overruled by the court, to which the defendant excepted and saved his bill, first, because a loan was a separate offense from a gift in a local option territory, and the defendant was not indicted for loaning or selling the State's witness liquor. Defendant by written request asked the court to instruct the jury as follows: "You will return a verdict of not guilty in this case, first, because there is a fatal variance in the allegation in the indictment and the proof offered in this case; second, because it is not shown that the liquor loaned was intoxicating; third, because the want of the written consent was not proved; fourth, because it is not shown in any way that the defendant knew that the prosecuting witness was a minor. All of which the court refused and the defendant excepted and saved his bill to the action of the court." The bill further recites the defendant excepted to that portion of the court's charge in which it told the jury that a loan of whisky to a person under the age of twenty-one years would come within the meaning of the statute, first, because there was not any proof that the liquor loaned to the prosecuting witness was whisky; second, because said paragraph of the court's charge was equivalent to telling the jury to find the defendant guilty and was not called for from the charge in the indictment, and was not the law applicable to the case; third, because the charge of article 593 does not apply to the case at bar. Appellant excepted to the action of the court in overruling his motion for new trial, mentioning the several grounds. He also excepted to the verdict of the jury, because not supported by the evidence in the case; because the indictment charges a gift of intoxicating liquor to a minor and the proof offered by the State showed a loan and sale. The court charged the jury submitting the issue of gift or the delivery of any spirituous,

vinous or malt liquors. He further charged the jury as follows: "You are further instructed that the loan of whisky to a person under the age of twenty-one years would come within the meaning of this statute." We do not understand how this conviction can be sustained. The indictment charged a gift, not a loan or sale. The court instructed the jury that if appellant loaned the whisky to the minor it came within the statute. Just what he meant by this is not explained in the charge, but applying it to the facts and the allegations in the indictment the court authorized the jury to convict appellant for making a sale to the minor instead of a gift. There is not a word of evidence sustaining the allegation in the pleadings that appellant gave or caused to be given to the alleged minor any intoxicating liquors of any sort. The statement of facts shows that local option was in effect in the county. The minor testified to a loan of whisky by appellant to himself, which he subsequently repaid. This under the decisions of this court is held to be a sale, especially in local option territory. To this the writer has not agreed, but such is the law as declared by the decisions of this court. This is the evidence and all the evidence the State had as shown by the statement of facts and bill of exceptions.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*